OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Simon.
[Cite as Disciplinary Counsel v. Simon (1994),     Ohio St.3d    .]
Attorneys at law -- Misconduct -- Public reprimand -- Conduct involving dishonesty, fraud, deceit or misrepresentation -- Notarizing and witnessing signatures on a deed not signed in his presence.
(No. 94-1814 -- Submitted October 11, 1994 -- Decided December 30, 1994.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-42.

On March 9, 1994, at the request of the son of the grantors of real property located in Delaware County, respondent, Frederick J. Simon of Columbus, Ohio, Attorney Registration No. 0032101, notarized and witnessed the signatures of the grantors on a deed conveying the property. Relator did this outside the presence of the grantors on the representation by the son that the grantors had signed the deed and that the deed was required for a closing later that day.

The attorney representing the buyers, knowing that the grantors were not in Ohio on that date, questioned the notarization and witnessing of their signatures. The attorney advised his clients to refuse to accept the deed, and, after confirming from respondant that the grantors had not signed the deed in the presence of respondant, referred the matter to the disciplinary counsel, relator.

On May 20, 1994, relator filed a complaint with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio, charging respondent with a violation of DR 1-102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent admitted all facts and allegations contained in the complaint.

A panel of the board held a hearing on June 16, 1994, and, after deliberating, concluded that respondent had violated DR 1-102(A)(4). The panel noted that respondent had been admitted

to the bar in 1959, had worked at the Ohio Real Estate Commission preparing disciplinary actions brought before the commission, had served as Director of Public Safety for the City of Columbus, had chaired the Ohio Liquor Control Commission for eight years, and had privately practiced law, concentrating in real estate law.  The panel also noted relator's forthrightness and candor, and that he had not previously been disciplined.  The panel recommended that respondent receive a public reprimand.

The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be publicly reprimanded.

Geoffrey Stern, Disciplinary Counsel, and Harald F. Craig III, Assistant Disciplinary Counsel, for relator.
Frederick J. Simon, pro se.

Per Curiam.  On review, we agree with the board's finding of facts, conclusions of law, and recommendation.  Accordingly, we publicly reprimand respondent and tax costs to him.
Judgment accordingly.
Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.
Pfeifer, J., dissents.
Pfeifer, J., dissenting.  I would dismiss the case.